UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

STEVEN DESMOND PETERSON,

    Petitioner,

V.

J. C. HOLLAND, Warden,

    Respondent.

Civil Action No. 6: 16-60-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate Steven Desmond Peterson is confined at the United States Penitentiary - McCreary in Pine Knot, Kentucky. Proceeding without counsel, Peterson has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court evaluates Peterson's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

On November 2, 2013, Peterson was charged in Incident Report 2511506 with Conduct Disruptive to the Orderly Operation of the Institution, a Code 299 offense. The reporting officers indicated that Peterson became disruptive during a visit with family, yelling to other

visitors that staff were racist when he perceived that staff had not treated one of his visitors with respect. [R. 1-2 at 6-10]

A Disciplinary Hearing Officer ("DHO") conducted a hearing on November 20, 2013. At that hearing, Peterson asked that all of the inmates in the visitation room during the incident be called as witnesses. When the DHO stated that more than three would be repetitive, Peterson asked that written statements be taken from any three inmates present at the incident. The hearing was postponed to permit Peterson's staff representative to obtain those three witness statements. [R. 1-2 at 13-14]

The hearing was re-convened on December 18, 2013. Peterson denied cursing or making implied threats towards staff. The DHO noted that while Peterson asked to review any audio recordings of the incident, none existed. The DHO also concluded that nothing in the witness statements provided by the other inmates was exculpatory. [R. 1-2 at 14] The DHO considered the statements provided by three reporting officers, and concluded that the greater weight of the evidence established that Peterson had committed the prohibited act. The DHO sanctioned Peterson with placement in disciplinary segregation for fifteen days, the loss of all visitation privileges for six months to be followed by six months of visitation limited to immediate family. [R. 1-2 at 15-17] The DHO did not revoke or order forfeit any of Peterson's good time credits.

Peterson appealed the disciplinary conviction using the Bureau of Prisons' Inmate Grievance Program, challenging the sufficiency of the evidence, claiming that the reporting officers had lied about his conduct, repeating his request to review audio and video tapes of the incident, and contending that the DHO did not call the witnesses he had requested. The BOP denied his appeals at all levels. [R. 2-1 at 18-21]

In his petition, Peterson alleges that he requested testimony from all six inmates who were in the visitation room at the time of the incident, but none were permitted to appear. [R. 1 at 5-6] He further alleges that he did not curse or threaten staff, contrary to the written statement of SIS Lawson, and that he should have been permitted to review and use the video from surveillance cameras to rebut that assertion. [R. 1 at 6] Peterson contends the disciplinary conviction was imposed in contravention of his due process rights, and seeks its expungement. [R. 1 at 7]

The Court has thoroughly reviewed Peterson's petition; however, the Court must deny relief because his claims may not be pursued in a habeas corpus petition under § 2241. In addition, his allegations do not indicate that his rights under the Due Process Clause were violated.

A petition filed under 28 U.S.C. § 2241 is designed to serve as a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. But because the DHO did not revoke or order forfeit any of Peterson's good time credits, the disciplinary sanctions imposed by the DHO here – the loss of visitation privileges – do not affect either the *fact* or *duration* of Peterson's imprisonment. As one court has aptly explained:

> A petition for a writ of habeas corpus is the proper vehicle for a prisoner's claims if the prisoner is challenging the fact or duration of his confinement, and seeking an immediate or speedier release. ... Put differently, if the prisoner is not seeking release, or release is not available as a remedy to the prisoner's claims, then his challenge can only concern the conditions of his confinement ... not the fact of his confinement. As such, he may not proceed with a habeas petition.

3

*Stokes v. Cross*, No. 13-998-CJP, 2014 WL 503934, at *2 (S.D. Ill. Feb. 7, 2014). Because Peterson's claims, even if successful, would not result in his release from prison or a shorter sentence, they do not sound in habeas. Cf. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005); *Blevins v. Lamanna*, 23 F. App'x 216, 217 (6th Cir. 2001); *Levi v. Holt*, 192 F. App'x 158, 160 (3d Cir. 2006) ("While the Due Process Clause protects against the revocation of good-time, it does not provide the same level of protection against the imposition of other forms of discipline.").

Second, when a prison disciplinary board *does* take action that results in the loss of good time credits in which the prisoner has a vested liberty interest, the Due Process Clause requires prison officials to observe certain protections for the prisoner, including advanced notice of the charges, the opportunity to present evidence in his or her defense, whether through live testimony or documents, and a written decision explaining the grounds used to determine guilt or innocence of the offense. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). But here, Peterson did not lose good time credits, and hence is not entitled to these protections because the sanctions imposed did not impose atypical hardships different from the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 486 (1995); see also *Sarmiento v. Hemingway*, 93 F. App'x 65, 66 (6th Cir. 2004); *Gilliam v. Holt*, 188 F. App'x 79, 80-81 (3d Cir. 2006) ("Gilliam's challenges to the loss of privileges, his transfer, placement in the special housing unit, and the processing of other prisoners do not implicate the fact or length of his sentence. Thus, the District Court properly declined to address these matters."); *Thomas v. Quarterman*, 272 F. App'x 406, 408 (5th Cir. 2008); *Torres v. Fauver*, 292 F.3d 141, 150-51 (3d Cir. 2002); *Boyce v. Ashcroft*, 251 F.3d 911, 914 (10th Cir. 2001).

Accordingly, **IT IS ORDERED** that:

1. Petitioner Peterson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

Entered June 13, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY